IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TIMOTHY ALLEN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| | § | |
| V. | § | Case No. 1:13-cv-00265 |
| | § | Jury |
| INTERNATIONAL COMFORT | § | |
| PRODUCTS, LLC and CARRIER | § | |
| CORPORATION, | § | |
|    *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendant Carrier Corporation, incorrectly sued as "International Comfort Products, LLP and Carrier Corporation,"[1] ("Carrier") hereby gives notice of removal of the above-entitled action from the 172nd Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1446. In support thereof, Carrier respectfully shows as follows:

### I. INTRODUCTION

1.     On or about March 28, 2013, Plaintiff Timothy Allen filed his Plaintiff's Original Petition, assigned Cause No. E194-199, against Carrier in the 172nd Judicial District Court of Jefferson County, Texas. A copy of the state court's file is attached as Exhibit A. Allen alleges that his residence was damaged by a fire caused by an air conditioner condenser unit designed, manufactured, and placed into the stream of commerce by Carrier.

---

[1] International Comfort Products, LLC, a former subsidiary of Carrier Corporation, was recently merged into Carrier Corporation.

## II.  TIMLINESS OF REMOVAL

2. Carrier was served with this lawsuit on or about April 8, 2013.  Carrier is therefore filing this notice of removal within the 30-day time period as required by 28 U.S.C. §1446(b).  *See Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## III.  BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3. Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

### A. Diversity

4. This is a case between citizens of different states, and complete diversity among the parties exists and existed as of the time of filing of this lawsuit and as of the time of filing of this notice of removal.  No Defendant in this lawsuit is a citizen of the same state as Allen.

5. In his original petition, Allen alleges that he is a citizen of Port Neches, Jefferson County, Texas.

6. Carrier is a Delaware corporation with its principal place of business in Farmington, Connecticut.

7. Allen does not dispute that he is a citizen of a different state than any of the Defendants herein.  Allen specifically alleges that he is a citizen of Texas and that each Defendant is a foreign entity.  *Pl's First Am. Pet.* at 1 [Exhibit A].  Removal is therefore proper under 28 U.S.C. § 1332(a)(1).

### B. Amount in Controversy

8. In his petition, Allen alleges, "[T]he monetary relief sought is over $200,000 . . . ." *Id.* at 3.  Even in a case in which the plaintiff does not specifically allege the amount in

controversy in his petition, diversity jurisdiction is proper where the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The amount of controversy is judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Further, once the federal court's jurisdiction is determined, "subsequent events that reduce the amount in controversy to less than $75,000 generally do no divest the court of diversity jurisdiction." *Id.* "Several Fifth Circuit decisions have established a clear analytical framework for resolving disputes concerning the amount in controversy." *Luckett*, 171 F.3d at 298. The requisite showing is accomplished in either of two ways: (1) it is "facially apparent" from the state court petition that the plaintiff's claims are likely exceed $75,000; or (2) "'the facts in controversy [as set forth by the defendant in the removal petition or in an affidavit] support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

      9.     It is facially apparent from Plaintiff's Original Petition that Allen's claims exceed $75,000. Allen's original petition contains the following allegations:

**DAMAGES**

> 12.    Plaintiff's damages to date consist of the cost to repair the Allen residence, the actual value of the damaged household personal property, and additional living expenses incurred while the house was being repaired. The damages sought are within the jurisdictional limits of the court, and the monetary relief sought is over $200,000 but not more than $1,000,000.

*Pl's Orig. Pet.* at 3 [Ex. A].

     10.    Based on the face of Allen's pleadings, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332; *see Luckett*, 171 F.3d at 298. Removal is therefore proper. *Id.*

### IV.  NOTICE

11. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all parties, and a true and correct copy of the Notice of Removal is being filed with the Jefferson County District Clerk.

### V.  COMPLIANCE WITH 28 U.S.C. § 1446(a) AND LOCAL RULE CV-81

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81 for the United States District Court for the Eastern District of Texas, the following items are attached to this Notice of Removal: the state court file documents are attached as Exhibit A, and the information required under Local Rule CV-81 is attached as Exhibit B.

### VI.  VENUE

13. Venue is proper in this district pursuant to 28 U.S.C. 1441(a) because the state court in which this action has been pending is located in this district.

### VII.  JURY DEMAND

14. Plaintiff demanded a jury in his original petition.

### VIII.  CONCLUSION AND PRAYER

15. All of the prerequisites for removal are satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332(a) and 1446.  Defendant Carrier Corporation respectfully requests that this Court remove this lawsuit to the Eastern District of Texas, Beaumont Division and for any other and further relief to which Defendant Carrier Corporation may be justly entitled.

Respectfully submitted,

BINGHAM, MANN & HOUSE


BY: /s/ Bradley M. Bingham
    BRADLEY M. BINGHAM
      Lead Attorney
      State Bar No. 02322400
    DEBRA BRADBERRY
      State Bar No. 24048362
    4500 Yoakum Blvd.
    Houston, TX 77006
    Telephone: 713-357-9870
    Facsimile:  713-559-3060
    bbingham@bmh-law.com
    dbradberry@bmh-law.com

ATTORNEYS FOR DEFENDANT
CARRIER CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify service of the foregoing on April 30, 2013, as follows:

<u>By Certified Mail, Return Receipt Requested</u>:
William T. Sebesta
Randall J. Poelma, Jr.
DOYEN SEBESTA, LTD. L.L.P.
450 Gears Rd., Suite 350
Houston, TX 77067
**Attorneys for Plaintiff**

/s/ Bradley M. Bingham
BRADLEY M. BINGHAM